FILED
January 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
               DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ARDALAN BERYEJI,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-25-CV-1681-OLG |
| § | |
| **SYLVESTER M. ORTEGA** *et al.*, § | |
| § | |
| **Respondents.** § | |

## O R D E R

Pending before the Court is Petitioner Ardalan Beryeji's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 6), and Petitioner filed a reply (Dkt. No. 9). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED IN PART** as set forth below.

### I.  BACKGROUND

The material facts of this case are not in dispute. Petitioner is a native of Iran who entered the United States in 2011 and adjusted his status to lawful permanent resident at some point thereafter. *See* Dkt. Nos. 1 at 5; 1-2 at 8; 6-1 at 2. On April 17, 2017, Petitioner was convicted of aggravated robbery and sentenced to nine years of imprisonment. *See* Dkt. No. 6-1 at 2. On May 9, 2022, an immigration judge ordered Petitioner removed from the United States but granted deferral of removal to Iran under the Convention Against Torture ("CAT"). *See* Dkt. Nos. 1 at 5; 1-2 at 13; 6 at 2; 6-1 at 2.

Immigration and Customs Enforcement ("ICE") attempted to effectuate Petitioner's removal to multiple third countries, including the United Arab Emirates, India, and Pakistan, but those requests were denied. Dkt. No. 6-1 at 2. As a result, Petitioner's removal was no longer reasonably foreseeable, and ICE released him under an Order of Supervision ("OSUP") in August

of 2024. *See* Dkt. Nos. 1 at 5; 1-2 at 15; 6-1 at 2. For the next year, Petitioner complied with the conditions of his release. *See* Dkt. No. 1 at 5; *see also* Dkt. No. 6-1 at 2–3 (mentioning no OSUP violations). Nevertheless, on October 9, 2025, Respondents revoked Petitioner's OSUP "pending removal." *See* Dkt. Nos. 1 at 5; 6 at 2; 6-1 at 2. He has remained in ICE custody ever since.

## II.  LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

## III.  ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable"

for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts a *Zadvydas* claim.[1] Respondents argue that Petitioner bears the initial burden of proof because he has been detained for less than six months, making his claim premature and his detention presumptively reasonable. *See* Dkt. No. 6 at 3–5. Respondents are mistaken. As the Court has previously held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert that "removal is likely in the foreseeable future." Dkt. No. 6 at 6. But they provide no evidentiary support for this conclusory assertion. *See* Dkt. No. 6-1 at 2–3. Indeed, the record contains no evidence that Respondents have made any serious efforts to effectuate Petitioner's removal since his re-detention. In the absence of any such evidence, Respondents have not met their burden. Therefore, Petitioner must be released. *See, e.g., Trejo v. Warden of ERO El Paso E. Mont.*, --- F. Supp. 3d ---, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025) (ordering release where ICE had multiple outstanding removal requests, but the respondents nevertheless failed to demonstrate that removal was likely in the reasonably foreseeable future).

Even if Petitioner had the initial burden of proof, he has met that burden. The presumptively reasonable period of detention may be rebutted by a showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2; *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("[N]othing in *Zadvydas*

---

[1] Petitioner raises another claim in his Petition. *See* Dkt. No. 1 at 15. Because the Court grants relief under *Zadvydas*, it need not address this claim.

3

precludes a challenge to detention before the presumptively constitutional time period has elapsed."). Because Petitioner's removal is subject to a CAT deferral order, he may not be removed to Iran, his country of origin. *See* Dkt. Nos. 1 at 11; 1-2 at 13. "Very few people subject to . . . CAT relief are removed from the United States." *Puertas-Mendoza*, 2025 WL 3142089, at *3. That is so because third-country deportations are notoriously difficult to effectuate, and "foreign governments routinely deny requests to receive people who lack a connection to the would-be receiving country." *See id.* at *3–4 (citation modified). Petitioner's case proves the point. Prior to his most recent detention, ICE attempted to remove Petitioner to the United Arab Emirates, India, and Pakistan. *See* Dkt. No. 6-1 at 2. All three countries refused to accept him, and he was released under an OSUP as a result. *Id.* Furthermore, since Petitioner's re-detention, ICE appears to have made no serious efforts to effectuate his removal. *Id.* at 2–3.

## IV.  CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 1) is **GRANTED IN PART** in that Respondents shall **RELEASE** Petitioner under conditions of release similar to those contained in his prior OSUP within **48 hours of the entry of this Order**

The Petition (Dkt. No. 1) is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED.**

**IT IS SO ORDERED.**

SIGNED on January 23, 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE